I think the order appealed from should be reversed. The petitioner asked nothing that is not plainly allowed by the statute. Section thirteen of the General Railroad Law permits and provides as follows: "Every railroad * * * may, by a vote of two-thirds of all its directors, alter or change the route or any part of the route of its road or its termini, or locate such route, or any part thereof, or its termini, in a county adjoining any county named in its certificate of incorporation, if it shall appear to them that the line can be improved thereby, upon making and filing in the clerk's office of the proper county a survey, map and certificate of such alteration or change." This language is so clear that it would seem to be impossible to mistake its meaning. It is not open to construction. The petitioner seeks to change its terminus at Greenwich, in Washington county, to Schuylerville, in the adjoining county of Saratoga, by extending the road to the latter place, a distance of about seven miles. The directors, by the necessary two-thirds vote, have resolved to make the change in order to improve the line or route. The statute has been literally complied with in every respect, and the only question involved in the case is one of law, and that is, whether the statute authorizes a railroad to change its terminus in one county to a point seven *Page 470 
miles distant in an adjoining county. If the statute does not permit this to be done then it may be asked what does it mean when it says in very plain language that a railroad may change its termini and locate it in an adjoining county?
The only argument against the right of the petitioner to the relief sought to be obtained in this proceeding is that it may, if the statute is given effect according to the plain words employed, so extend its railroad as to make the route longer than it was before by seven miles. Certainly the termini of a railroad cannot be changed to an adjoining county very well without making the route longer or shorter. It is said that the extension, if any, must be a reasonable one. But the legislature has not placed any such limitation upon the statute, since in plain words it authorized the change to a point in an adjoining county; and if the court is to emasculate the statute in that way how can it say that a change involving an extension of seven miles is not reasonable?
It is said that if the plain language of the statute is to be given effect and the extension of seven miles is to be permitted, then the petitioner may be successive extensions into an adjoining county indefinitely extend the length of its railroad. The answer to that suggestion is very obvious and very reasonable. When the petitioner extends its line to Schuylerville it has exercised all the power that the statute confers, and the right to enter an adjoining county is exhausted and cannot be repeated by going into a third or fourth county. The right to change the terminus to an adjoining county does not carry with it the right to keep changing from one county to another indefinitely. That would be an abuse of the power conferred, since the power to change the terminus to an adjoining county does not confer or fairly imply the right to repeat the change from time to time and thus enable a railroad to extend itself all over the state from county to county without other limitation. We ought not to nullify a plain statute from fear that it may be abused when such abuse can be prevented by a reasonable and obvious limitation such as is here suggested. *Page 471 
This court, of course, has nothing to do with the question whether the proposed change will improve the line or not. That question was for the directors to decide and they have decided it, and it is not open to this court to hold that they were wrong in so deciding a question of business in which they were concerned as trustees of the stockholders. This court is concerned only with the question of statutory power and the statute is plain.
In a very recent case a railroad attempted to do practically what the petitioner seeks to do in this case, and we held that it could be done under section thirteen. The only obstacle found in the way of the moving party in the case was that it had not complied with that provision of the section which required the consent of the villlage trustees. (Erie Railroad Co. v.Steward, 170 N.Y. 172.) It is significant that by the terms of section thirteen a railroad is forbidden to abandon any part of its old track, and hence if there can be a change of termini at all it must be accomplished by extending and not contracting the length of the original line of railroads. It seems to us that the statute in plain terms permits the railroad in this case to change its terminus from Greenwich to Schuylerville, and that is all that it asked, and so the order should be reversed and the application granted.
PARKER, Ch. J., BARTLETT and VANN, JJ., concur with GRAY, J.; HAIGHT and MARTIN, JJ., concur with O'BRIEN, J.
Order affirmed.